UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

MICHIGAN PROTECTION AND
ADVOCACY SERVICE, INC.                                              Case No:

      Plaintiff,                                                               Hon.

v

CITY OF LANSING,

      Defendant.
_____/

Simon Zagata (P83162)
Michigan Protection and Advocacy Service, Inc.
Attorney for Plaintiff
4095 Legacy Parkway, Suite 500
Lansing, Michigan 48911
(517) 487-1755
_____/

## COMPLAINT

### INTRODUCTION

1. Plaintiff, Michigan Protection and Advocacy Service, Inc. (MPAS), brings this action for declaratory and injunctive relief pursuant to the Protection and Advocacy for Individuals with Mental Illness Act of 1986 (PAIMI Act), 42 U.S.C. §§ 10807-10827; the Developmental Disabilities Assistance and Bill of Rights Act of 2000 (DD Act), 42 U.S.C. §§ 15041-15045; the Protection and Advocacy of Individual Rights Program of the Rehabilitation Act of

   1973 (PAIR Act), as amended, 29 U.S.C. § 794e and for attorney fees and costs pursuant to 42 U.S.C. § 1983.

2. Plaintiff, MPAS, challenges Defendant's failure to disclose documents relating to allegations of abuse and neglect regarding the alleged victim.

3. This information was requested by Plaintiff and disclosure is required by the PAIMI, DD, and PAIR Acts.

4. MPAS is charged with the responsibility, both under federal and state law, to investigate allegations of abuse and neglect against persons with disabilities.

5. Defendant's failure to provide the documents and information at issue has interfered with Plaintiff's investigative responsibilities and resulted in Plaintiff being denied its rights, pursuant to the PAIMI, DD, and PAIR Acts to investigate the suspected incidents of abuse and neglect.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1)-(2) because the Defendant resides in the district and the events giving rise to this claim occurred in the district.

8. Plaintiff's federal claims are made pursuant to 42 U.S.C. §§ 10801-10827; 42 U.S.C. §§ 15041-15045; 29 U.S.C. § 794e and 42 U.S.C. § 1983.

9. Declaratory and injunctive relief are authorized pursuant to 28 U.S.C. §§ 2201, 2202.

## PARTIES

10. Plaintiff, MPAS, is a Michigan non-profit corporation.

11. The Governor of Michigan has designated MPAS as the state's protection and advocacy system, pursuant to M.C.L. § 330.1931(1), with the responsibility to enforce and carry out the federal mandates under the PAIMI, DD and PAIR Acts.

12. As the state's protection and advocacy system, MPAS is authorized to investigate allegations of abuse and neglect of persons with disabilities. M.C.L. § 330.1931 (2).

13. Defendant, City of Lansing, is a City in Michigan and operates the City of Lansing Police Department.

## FACTS

14. A project was opened after MPAS requested psychiatric death notifications from the Michigan Department of Licensing and Regulatory Affairs (LARA). Those reports detail the deaths of psychiatric patients in Michigan either in the psychiatric units of hospitals or shortly after discharge from psychiatric units.

15. One of the death reports to LARA that MPAS received in response to the above request came from Sparrow Hospital (Sparrow), located at 1210 W. Saginaw Street, Lansing, MI 48915.

16. After review of the report, MPAS saw that Sparrow notified the Lansing Police Department of the patient's death, and that a "full investigation" was underway.

17. Sparrow admitted the patient to the psychiatric unit with a diagnosis of Schizoaffective Disorder and Mixed Personality Traits. The patient received inpatient psychiatric treatment at Sparrow, which qualifies the patient as an "individual with a mental illness" under 42 U.S.C. § 10802(4).

18. The report lists the cause of death as unknown.

19. Sparrow staff found the patient in full rigor mortis and life saving measures were not attempted.

20. Based on the information received, MPAS determined it had probable cause to open an investigation into the allegations of possible neglect and/or abuse.

21. Beginning on or about October 29, 2019, MPAS has sent numerous requests to the Defendant via first class mail and e-mail.

22. MPAS staff has followed up its correspondence with several telephone calls and emails to the City of Lansing Police Department's records department.

23. MPAS staff has also followed up its correspondence with several telephone calls and emails to the City of Lansing legal staff Mary Bowen.

24. To aid in identifying the correct police report, MPAS staff provided Lansing Police Department with the LARA death notification.

25. Despite assertions that Lansing Police Department was working on the request, neither the City of Lansing nor the Lansing Police Department has produced any of the records MPAS requested.

26. In all communications with the City of Lansing, Lansing Police Department staff and Mary Bowen, MPAS has clearly and consistently stated that the request is not a FOIA request, but an access request under federal law.

27. From the first request, Plaintiff MPAS cited the federal laws that grant access to the requested documents. None of those federal laws are part of FOIA statutes.

28. Despite this, the City of Lansing, Lansing Police Department staff and Mary Bowen have insisted on treating the request as a FOIA request for public documents.

29. Lansing Police Department staff Emily Lensing and City of Lansing attorney Mary Bowen made clear that they will only provide redacted versions of the records MPAS requested, pursuant to FOIA and Lansing Police Department practices.

30. MPAS has patiently waited over ten weeks for the records to be produced but has not received them and now brings this action to enforce its rights under the federal Protection and Advocacy Acts.

## COUNT I - VIOLATION OF THE PAIMI ACT'S
## ACCESS TO RECORDS PROVISION

31. Plaintiff realleges and incorporates paragraphs 1 through 30 as though fully set forth herein.

32. MPAS, as Michigan's designated protection and advocacy system, has the right to access all records relating to individuals to which the PAIMI Act applies when conducting abuse and neglect investigations.  42 U.S.C. §§ 10805(a)(4), 10806(b)(3)(A,B).

33. These records include investigating reports prepared by agencies, like Lansing PD, charged with investigating reports of incidents of abuse, neglect, and injury at medical facilities. 42 U.S.C. § 10806(3)(A).

34. Defendant's failure to provide Plaintiff with the requested records relating to the allegations of abuse and/or neglect of the alleged victim violates MPAS' rights under the PAIMI Act, 40 U.S.C. §§ 10801-10827.

35. Defendant's actions frustrate, impinge and prevent MPAS from meeting its responsibilities under federal and state law to investigate allegations of abuse and/or neglect of individuals with mental illness.

36. MPAS has no adequate remedy at law and, therefore, seeks injunctive and declaratory relief.

## COUNT II - VIOLATION OF THE DD ACT'S
## ACCESS TO RECORDS PROVISION

37. Plaintiff realleges and incorporates paragraphs 1 through 36 as though fully set forth herein.

38. MPAS, as Michigan's designated protection and advocacy system, has the right to access all records relating to individuals to which the DD Act applies when conducting abuse and neglect investigations. 42 U.S.C. § 15043.

39. Defendant's failure to provide Plaintiff with the requested records relating to the allegations of abuse and/or neglect of the alleged victim violates MPAS' rights under the DD Act, 42 U.S.C. § 15043.

40. Defendant's actions frustrate, impinge and prevent MPAS from meeting its responsibilities under federal and state law to investigate allegations of abuse and/or neglect of individuals with developmental disabilities.

41. MPAS has no adequate remedy at law and, therefore, seeks injunctive and declaratory relief.

## COUNT III - VIOLATION OF THE PAIR ACT'S ACCESS TO RECORDS PROVISION

42. Plaintiff realleges and incorporates paragraphs 1 through 41 as though fully set forth herein.

43. MPAS, as Michigan's designated protection and advocacy system, has the right to access all records relating to individuals to which the PAIR Act applies when conducting abuse and neglect investigations. 29 U.S.C. § 794e, and 42 U.S.C. § 15043.

44. Defendant's failure to provide Plaintiff with the requested records, relating to the allegations of abuse and/or neglect of the alleged victim, violates MPAS' rights under the PAIR Act, 29 U.S.C. § 794e.

45. Defendant's actions frustrate, impinge and prevent MPAS from meeting its responsibilities under federal and state law to monitor facilities and to prevent abuse and/or neglect of individuals with mental illness.

46. MPAS has no adequate remedy at law and, therefore, seeks injunctive and declaratory relief.

## COUNT IV – VIOLATION OF 42 U.S.C. § 1983

47. Plaintiff realleges and incorporates paragraphs 1 through 46 as though fully set forth herein.

48. The Defendant, the City of Lansing, through Emily Lensing, a Lansing Police Department staff member, and Mary Bowen, Attorney for the City of Lansing, acting under color of state law and pursuant to and in accordance with Lansing Police Department Policy, refused to provide Plaintiff with the requested records or to provide them in a timely manner.

49. Defendant's actions deprived Plaintiff of its federally protected rights to the requested records under the PAIMI, DD, and PAIR Acts.

50. MPAS seeks costs and reasonable attorney fees pursuant to 42 U.S.C. § 1988.

## REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests this Court:

A. Enter a declaratory judgment, in accordance with 28 U.S.C. § 2201, declaring that Defendant's actions and failures to act violate the PAIMI, DD, and/or PAIR Acts by:

  i) Denying Plaintiff access to records and information to which it is entitled to under federal law; and

  ii) Preventing MPAS from fully performing its statutory duty to investigate incidents of suspected abuse and/or neglect of persons with disabilities, in violation of PAIMI, DD, and/or PAIR Acts.

B. Enter permanent injunctive relief, pursuant to 28 U.S.C. § 2202, requiring Defendant to provide MPAS all reports, documents, and records relating to the alleged victim and that Defendant comply with the provisions of the PAIMI, DD and PAIR Acts now and in the future;

C. Retain jurisdiction over this action to ensure Defendant's compliance with the mandates of the PAIMI, DD and PAIR Acts;

D. Award Plaintiff costs and reasonable attorney fees pursuant to 42 U.S.C. § 1988; and

E. Order such other, further, or different relief as the Court deems equitable and just.

Respectfully submitted,

Dated: January 13, 2020

s/ *Simon Zagata*
Simon Zagata (P83162)
Michigan Protection and Advocacy Service, Inc.
Attorney for Plaintiff
4095 Legacy Parkway, Suite 500
Lansing, MI  48911
(517) 487-1755
szagata@mpas.org