# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| MICHIGAN PROTECTION AND ADVOCACY SERVICE, INC., | Case No. 1:20-cv-00030 |
| Plaintiff, | Hon. Paul L. Maloney |
| v. | |
| CITY OF LANSING, | |
| Defendant. | |

| | |
|---|---|
| Simon Zagata (P83162) | James D. Smiertka (P20608) |
| Michigan Protection and Advocacy Service, Inc. | F. Joseph Abood (P42307) |
| | Heather E. Sumner (P77553) |
| *Attorney for Plaintiff* | *Attorneys for Defendant* |
| 4095 Legacy Parkway, Suite 500 | 124 W. Michigan Ave., 5th Floor |
| Lansing, Michigan 48911 | Lansing, MI 48933 |
| (517) 487-1755 | (517) 483-4320 |
| | CityAtty@lansingmi.gov |

## STIPULATION FOR ENTRY OF CONSENT DECREE

WHEREAS, Plaintiff, Michigan Protection and Advocacy Service, Inc. (hereinafter "MPAS"), has been designated as the State of Michigan's protection and advocacy system and is authorized to investigate allegations of abuse and neglect of persons with disabilities; and

1

WHEREAS, MPAS has determined it has probable cause to open an investigation into allegations and/or abuse relative to the death of a patient receiving inpatient psychiatric treatment at Sparrow Hospital in Lansing, Michigan; and

WHEREAS, MPAS has filed the present litigation, seeking records related to its investigation of the patient death; and

WHEREAS, the City of Lansing Police Department was called to the scene of the death of the above-stated patient by Sparrow Hospital and is in possession of body-cam footage relative to that call; and

WHEREAS, the City of Lansing Police Department are not medical experts and do not investigate medical deaths that occur inside of a hospital when there is no evidence of a crime; and

WHEREAS, pursuant to MCL 52.202, the County Medical Examiner shall investigate the cause and manner of death of an individual if the "death is unexpected," which this death appears to be; and

WHEREAS, the City of Lansing Police Department initially provided the requested video to MPAS pursuant to the Freedom of Information Act (FOIA) with both Law Enforcement Information Network (LEIN) information and personal health information (PHI) redacted out; and

WHEREAS, the City of Lansing and MPAS (hereinafter "parties") agree that the LEIN information that was captured on the body-cam footage in this case is not relevant to the MPAS investigation; and

WHEREAS, the parties agree that the PHI that was redacted may be potentially relevant to the MPAS investigation; and

WHEREAS, the parties do not agree as to the applicability, in this case, of Protection and Advocacy of Individuals with Mental Illness Act of 1986 (PAIMI Act), 42 U.S.C. §§ 10807-10827; the Developmental Disabilities Assistance and Bill of Rights Act of 2000 (DD Act), 42 U.S.C. §§ 15041-15045; the Protection and Advocacy of Individual Rights Program of the Rehabilitation Act of 1973 (PAIR Act), as amended, 29 U.S.C. § 794e, and 42 U.S.C. § 1983 to the Lansing Police Department ; and

WHEREAS, the parties agree that it is in each party's best interest to resolve the reasonably disputed claims without further litigation; and

WHEREAS, the parties agree that the terms of this Stipulation, the proposed Consent Decree, embody the entire agreement among the parties over this matter, and there are no other terms, promises, warranties, or representations between or among the parties as identified, whether expressed, implied, written, or oral, pertaining to the subject matter of the proposed Consent Decree:

1. The City of Lansing will provide copies of the body-cam footage that was requested by MPAS, with only the LEIN information redacted, directly to MPAS;
2. MPAS will voluntarily dismiss with prejudice the currently pending federal lawsuit, Case No. 1:20-cv-00030, within 7-days of the receipt of the body-cam footage;
3. The parties agree that an answer is not required in this matter and that MPAS will not move the Court for an order of default;
4. In order to facilitate future requests made by MPAS to the City of Lansing, the following procedure is agreed to:

  a. MPAS will submit any and all requests for information directly to the Office of the City Attorney;

  b. Any request for information will state under what statutory authority the information is sought and will provide sufficient details to identify responsive records (e.g., when the interaction with the City of Lansing occurred, what types of records are sought, and other identifying information including name and date of birth, if available);

  c. The Office of the City Attorney will review and evaluate all MPAS requests for information for applicability of the above-stated statutes;

  d. If there are concerns about the applicability of the law cited, the Office of the City Attorney will contact MPAS promptly to obtain further explanation;

  e. The Office of the City Attorney will work to meet any deadlines stated in the request, however, if it is determined that the requested information will take longer to identify or compile, the Office of the City Attorney will contact MPAS and provide an estimated date of completion. This does not affect the applicability of any relevant statutory deadlines;

5. MPAS agrees to release, indemnify and hold harmless the City of Lansing against all claims that may come from its release of PHI to MPAS;

6. The City of Lansing agrees to reimburse MPAS in the amount of $462.56, for the cost of the filing and service of this litigation;

7. The parties agree to waive any legal or equitable remedies that may have been or are currently available to each, including but not limited to any claim for attorney fees relating to the subject incident; and

8. By entering into and complying with this stipulated Consent Decree, no party makes any admission of fault or liability, or any concession as to the merits of the opposing party's claims or defenses.

NOW, THEREFORE the undersigned parties, by and through their respective counsel of record, hereby stipulate and agree to entry as an order of this Court the attached Consent Decree.

SO ORDERED, ADJUDGED, AND DECREED this __31st__ day of __January__, 2020.

    /s/ Paul L. Maloney  
U.S. District Judge

Agreed as to form and substance,

Dated: January 30, 2020

By: /s/ Heather E. Sumner  
James D. Smiertka (P20608)  
F. Joseph Abood (P42307)  
Heather E. Sumner (P77553)  
*Attorneys for Defendant*  
124 W. Michigan Ave., 5th Floor  
Lansing, MI 48933  
(517) 483-4320

Dated: January 30, 2020

By: /s/ Simon Zagata  
Simon Zagata (P83162)  
Michigan Protection and Advocacy Service, Inc.  
*Attorney for Plaintiff*  
4095 Legacy Parkway, Suite 500  
Lansing, Michigan 48911  
(517) 487-1755